# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

BRYAN ANTHONY REO
    Plaintiff

VS.

Case Number: **20CV001304**

Judge EUGENE A. LUCCI

WINRED TECHNICAL SERVICES LLC
    Defendant

To the following named DEFENDANT(S):
    WINRED TECHNICAL SERVICES LLC
    1176 WILSON BLVD SUITE 530
    ARLINGTON VA 22219

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    BRYAN ANTHONY REO
    PO BOX 5100
    MENTOR OH 44060

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

Calculations of time are exclusive of the day of service.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

Maureen G. Kelly
Clerk, Court of Common Pleas
Lake County, Ohio
25 N. Park Place
Painesville OH 44077

By *Jessica Tagliarini*
Deputy Clerk

October 20, 2020

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>PO BOX 5100<br>Mentor, OH 44061<br><br>      Plaintiff,<br>v.<br><br>**WINRED TECHNICAL SERVICES LLC**<br>1176 Wilson Blvd, Suite 530<br>Arlington, VA 22219<br><br>      Defendant | 20CV001304<br><br>**EUGENE A. LUCCI** |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

NOW COMES Bryan Anthony Reo (Plaintiff), Pro Se, and hereby propound upon WinRed Technical Services LLC "WR" (hereinafter referred to as "Defendant") and this Honorable Court Plaintiffs' Complaint.

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA").

### II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

1

3. Defendant WinRed Technical Services LLC is a non-connected PAC existing by and through the laws of the state of Virginia, based in Arlington Virginia, using automated systems to send text-message, SMS, spam, to cellular numbers assigned to residents in the state of Ohio. Defendant is registered with the Federal Elections Commission and purports to be in compliance.

### III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227, R.C. § 1345.01 and R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant conduct business in the state of Ohio, and Defendant contacted Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3; Civ.R. 3(B)(7).

### IV. STATEMENT OF FACTS

7. Defendant has subjected Plaintiff to significant telecommunications spam beginning in September of 2020.

8. Defendant repeatedly contacts Plaintiff on Plaintiff's cellular phone delivering SMS, short text message, spam messages, directing Plaintiff to Defendant's website for the purpose of soliciting Plaintiff to give money to Defendant or to political causes that Defendant favors.

9. Plaintiff has texted back, on seven occasions, the word "STOP" or "Stop" which Defendant's automated program immediately responded to with an acknowledgement of receipt and a statement that the messages would stop. However, the messages have never stopped.

10. Defendant first began texting Plaintiff in September of 2020, specifically on September 19, 2020, from number 833-816-8506. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

11. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from number 866-623-3829 on September 20, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

12. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from 877-586-7796 on September 21, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

13. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from 877-860-8947 on September 23, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

14. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from 877-457-4599 on September 27, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

15. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from 877-840-6250 on September 28, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

16. Instead of stopping Defendant simply switched numbers and began to text Plaintiff from 833-207-2615 on October 17, 2020. The message directed Plaintiff to go to Defendant's website and give money to a political campaign. Plaintiff texted back the word "STOP" and immediately received the following acknowledgment "NETWORK MSG:

4

You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

17. Defendant appears to have no mechanism in place to process and record "do not call" requests or "do not text" requests. Plaintiff wants no contact whatsoever from Defendant.

18. Defendant's text messages have been intrusive, harassing, annoying, distracting, and have been invasive of Plaintiff's privacy and hindered Plaintiff's productivity during work.

19. Defendant uses a device that meets the current definition of an Automated Telephone Dialing System. This is evidenced by the fact that the automatic acknowledgement and response to texting Defendant "STOP" is automatic, immediate, and identical with each response. The response is always the same and it is always within two seconds of Plaintiff texting "STOP" the response is: "NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again."

20. Defendant is obligated to place Plaintiff on a "do not contact list" and is not permitted to merely cease using one of their seemingly infinite phone numbers to contact him, while being able to contact him from their other phone numbers.

21. After the first "stop" message was communicated by Plaintiff to Defendant, and acknowledged by Defendant, Defendant has had actual knowledge that Plaintiff does not want to be contacted.

22. Upon information and belief, Defendant knows, or should know, that Plaintiff not only does not want to be contacted, but also does not wish to play "whack-a-mole" and

5

spend the next year sending the word "stop" on a daily basis to two hundred other numbers that Defendant might be contemplating messaging Plaintiff from.

23. Defendant's called Plaintiff on cellular phone number ending in 5893.

24. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 5893.

25. All of Defendant's communications consisted of an automated telephone dialing system that provided Plaintiff a link to go to Defendant's website for political fundraising purposes.

26. Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his phone. This was evidenced by the messages being identical or virtually identical, and the nature of the automatic, immediate, and verbatim identical responses to the Plaintiff texting back "stop" when Plaintiff texted back "stop" to each message.

27. Plaintiff's cellular phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

28. Plaintiff has never done business with Defendant nor did Plaintiff ever request contact from Defendant. If Plaintiff ever had done business with Defendant, if Defendant somehow ever had prior consent, texting "stop" on seven occasions, is more than sufficient to make known Plaintiff's desire to not be contacted further.

29. Defendant lacks express prior written consent to contact Plaintiff with an ATDS to contact his cellular phone.

30. Defendant lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose.

6

31. As a result of Defendant' conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

33. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

34. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); with the phone number ending in 5893.

35. Defendant placed texts to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

36. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

37. It is likewise a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular phone by means of an automated telephone dialing system.

38. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

39. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant and their agents. Upon information and belief, Defendant has consciously decided not to process Plaintiff's seven prior "STOP" text responses directed to Defendant.

40. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telecommunications practices in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's repeated "stop" requests. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

41. Defendant violated the TCPA when Defendant called Plaintiff's telephone.

42. Defendant negligently violated the TCPA in relation to Plaintiff.

43. As a result of Defendant' negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

44. In the alternative to the *scienter* of negligence, Defendant have willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established

8

if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

45. Defendant committed at least fourteen (14) violations of Count I of Plaintiff's Complaint. Defendant made at least 7 calls to Plaintiff. Each call consisted of an ATDS directing a text to a cellular phone in violation of 227(b) and all texts after the first STOP request consisted of a failure to honor the "stop" request, each of the texts after the first "stop" request also consisted of a failure to maintain a do not call list, and the texts themselves violated 47 U.S.C. § 227(b)(1)(A)(iii).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

46. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed twenty-five thousand dollars ($25,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

47. Grant an injunction enjoining Defendant from further contacting Plaintiff in any unlawful manner.

48. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*/s/ Bryan Reo*
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811

>  (Mobile): (440) 313-5893
> (E): Reo@ReoLaw.org
> *Attorney and Plaintiff Pro Se*

## JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

www.lakecountyohio.gov/coc

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

Maureen G. Kelly, Clerk of Courts
Revised 7/1/2013 Pretrial orders