UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN ANTHONY REO, *Pro Se*,   )   Case No.: 1:20 CV 2509
                               )
    Plaintiff                  )   JUDGE SOLOMON OLIVER, JR.
                               )
    v.                         )
                               )
WINRED TECHNICAL SERVICES LLC, )
                               )
    Defendant                  )   <u>ORDER</u>

Currently pending before the court in the above-captioned case is Defendant WinRed Technical Services LLC's ("WRTS") Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants WRTS's Motion.

## I. BACKGROUND

On October 19, 2020, *pro se* Plaintiff Bryan Reo ("Plaintiff" or "Reo") filed a Complaint against WRTS in Lake County Common Pleas Court. (ECF No. 1-1.) WRTS then timely removed to this court on November 6, 2020. (ECF No. 1.) The Complaint alleges a single claim against WRTS under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for statutory damages and injunctive relief.[1] (Compl. ¶¶ 32–47, ECF No. 1-1.) According to Reo, WRTS violated the TCPA by repeatedly calling and sending text messages to Reo's cell phone from September 19, 2020, through October 17, 2020, asking him "to give money to Defendant or to political causes that

---

[1] The Complaint also mentions Ohio's Consumer Sales Practices Act ("CSPA"), O.R.C. §§ 1345.01, in its introductory paragraph. (Compl. ¶ 1, ECF No. 1-1.) But this single reference appears to be a drafting error as the Complaint never asserts a state law claim or even mentions the CSPA again.

Defendant favors." (*Id.* ¶ 8; *see also id.* ¶¶ 7–16.) Reo asserts that his phone number was listed on the national do not call registry throughout this period and that he never solicited these communications or gave WRTS consent to contact him. (*Id.* ¶¶ 27–30.) He further alleges that he replied to WRTS's text messages with the word "STOP," but WRTS ignored his requests and continued to contact him using a different phone number each time. (*Id.* ¶¶ 7–16.) Given the pattern of WRTS's communications—sending nearly identical messages soliciting political donations and then replying with verbatim responses to Reo's requests to "STOP," all from different phone numbers—Reo infers that WRTS unlawfully used an automated telephone dialing system ("ATDS") in violation of the TCPA. (*Id.* ¶¶ 19, 26.)

WRTS filed its Motion on November 12, 2020, asking the court to dismiss Reo's Complaint pursuant to Rule 12(b)(6) for failure to state a claim or, in the alternative, stay this action pending the outcome of a case before the United States Supreme Court concerning the definition of what constitutes an ATDS for purposes of the TCPA.[2] Reo filed a Response (ECF No. 6) opposing the Motion three days later, on November 15, 2020, and WRTS filed its Reply (ECF No. 10) on November 30, 2020. On April 14, 2021, the court held a telephonic conference with the parties to discuss WRTS's Motion.

## II. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) provides that a court can dismiss a complaint if it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion is "a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of*

---

[2] Because the Supreme Court has since decided that case, *see Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), and because the court grants WRTS's Motion to Dismiss, the Motion to Stay is moot.

*Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co., Inc*, 899 F.2d 485, 489–90 (6th Cir. 1990). When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Although a complaint need not contain detailed factual allegations, the "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true." *Twombly*, 550 U.S. at 570. In *Ashcroft v. Iqbal*, the Supreme Court further clarified the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a probability requirement," it does require the plaintiff to show "more than a sheer possibility that a defendant acted unlawfully." *Id.*

**B.    Federal Rule of Civil Procedure 12(d)**

When ruling on a Rule 12(b)(6) motion to dismiss, the court generally must limit its analysis to the allegations in the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997) ("Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss."). Thus, if a defendant attaches materials outside of the pleadings, the court must exclude

those materials or treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56 after giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999). However, documents attached to a Rule 12(b)(6) motion are considered part of the pleadings—obviating the need to convert the motion to one for summary judgment—if the documents are referenced in the complaint and central to the plaintiff's claim. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *see also* Fed. R. Civ. P. 10(c). Moreover, courts can consider "matters of public record, orders, [and] items appearing in the record of the case." *Amini*, 259 F.3d at 502. These limited exceptions to Rule 12(d)'s prohibition against looking outside of the pleadings prevents "a plaintiff with a legally deficient claim" from "surviv[ing] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Weiner*, 108 F.3d at 89.

### III. ANALYSIS

WRTS offers two primary arguments to dismiss the Complaint under Rule 12(b)(6). First, WRTS emphasizes that "Plaintiff misstates the facts concerning the Defendant" and fails to plead plausible allegations that WRTS is the party responsible for sending the communications to Reo. (Mot. at PageID #27, ECF No. 4.) Specifically, Reo seems to conflate WRTS with a similarly named political action committee ("PAC") called WinRed, Inc. ("WinRed"). (*Id.*) According to WRTS, this misidentification requires dismissal because it renders the Complaint insufficient as a matter of law. (*Id.* at PageID #28.) Second, WRTS asserts, even assuming it was responsible for sending the communications to Reo, there is nothing in the Complaint to suggest that WRTS used an ATDS to do so. (*Id.* at PageID #28–29.) Because WRTS's first argument is well-taken and dispositive, the court does not address the second.

In short, this is a case of mistaken identity. In his Complaint, Reo alleges that "Defendant

WinRed Technical Services LLC is a non-connected PAC existing by and through the laws of the state of Virginia, based in Arlington, Virginia." (Compl. ¶ 3, ECF No. 1-1.) But that simply is not true. As WRTS points out in its Motion,

> WRTS is a technology vendor, not the political action committee identified by Plaintiff in his Complaint. WRTS is not a political committee or a political organization. Plaintiff appears to have conflated WRTS and WinRed, Inc., but while WRTS and the PAC share "WinRed" in their name, they are each separately incorporated entities.

(Mot. at PageID #27, ECF No. 4 (cleaned up).) WRTS also attached a declaration from its president, which further clarifies that

> 4. WRTS is a technology vendor that creates the websites and related infrastructure to accept contributions to various political committees. WRTS created the website and provided the infrastructure for the website referenced in Paragraphs 10–16 of the Complaint.
>
> 5. WinRed, Inc. (the "PAC"), which is a non-connected political action committee registered with the Federal Election Commission ("FEC"), is the entity that receives the incoming "earmarked" donations. An "earmarked" donation is simply a donation for a specific political committee that cannot be sent anywhere else. Pursuant to FEC rules, once the PAC receives an earmarked contribution that contribution must be sent to the designated political committee. The PAC has no discretion over the timing, recipient, or amount of earmarked contributions.

(Lansing Decl. ¶¶ 4–5, ECF No. 4-1.) Publicly available records from the FEC and Virginia's Corporation Commission, which the court can consider under the exceptions to Rule 12(d), also confirm WRTS's claim. *See WINRED*, Fed. Election Comm'n, http://www.fec.gov/data/committee/C00694323 (last visited Apr. 14, 2021) (Committee ID C00694323); *Business Entity Search*, State Corp. Comm'n, http://cis.scc.virginia.gov (last visited Apr. 14, 2021) (search in Business Entity Search bar for "WinRed").

Curiously, Reo chose not to correct his error. He could have moved to amend his Complaint to fix the mistaken identification of WRTS, add WinRed as a party, or both. But he chose instead

to oppose WRTS's Motion, doubling down on his erroneous claim that "Defendant WinRed Technical Services LLC is a non-connected PAC existing by and through the laws of the state of Virginia." (Resp. at PageID #59, ECF No. 59.) In doing so, Reo simply ignored WRTS's argument to the contrary. Indeed, the Response does not acknowledge the declaration from WRTS's president, nor does it offer anything to support Reo's unfounded assertion that WRTS is a PAC. The court afforded Reo an opportunity to address these issues and clarify his position during the telephonic status conference; the court also inquired whether Reo intended to seek leave to amend his Complaint. He declined.

Because Reo's assertion regarding WRTS's identity is demonstrably false, his Complaint fails to state a claim against it. In reaching this conclusion, the court finds it important to emphasize that the Complaint does not invoke or rely on theories sounding in alter ego or vicarious liability. That is, Reo has not alleged that WRTS and WinRed are so closely related or intertwined such that they should be treated as a single entity for the purposes of TCPA liability even though, technically, they exist as separate corporate entities. Instead, the Complaint asserts that WRTS literally is WinRed, (*see* Compl. ¶ 3, ECF No. 1-1), and Reo inexplicably remains entrenched in this false belief despite being presented with ample evidence to the contrary. This misidentification is fatal because, on its face, the Complaint seeks relief against an entity that does not exist. Accordingly, the court grants WRTS's Motion to Dismiss.

### IV. CONCLUSION

For the foregoing reasons, the court grants WRTS's Motion to Dismiss. (ECF No. 4.)

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 22, 2021